Chief Justice Bibb
delivered the Opinion of the Court.
A writ of error has been sued out, on behalf of the commonwealth, to an order of the justices of the comity court of Fayette, alio wing an alteration in a raod at the instance of Mrs. Dudley. And sew a motion is made to quash the writ of erro:' because *22 it has improvidently issued on behalf of the commonwealth in a case where the commonwclth cannot have a writ of error.
Proceedings in establishing and altering roads.
Where a writ of error lies in road cases, and where not.
By the statute 6f Kentucky, the authority to open or to alter public roads within any county is confided to the justices of the county court — a body of magistracy numerous and respectable, dispersed throughout each county.
The mode prescribed by the statute, either for opening a new road, or for altering a former one, requires viewers to be appointed to report the conveniences and inconveniences, as well’ to the public as to individuals; and upon a proposition to alter a former road, the viewers are to report the comparative conveniences and inconveniences. Upon the return of the viewers, if the road is to pass through the land of another, the court are authorized to cause such owner, or his agent or tenant in the absence of the owner, to be summoned, and he may have an inquest to assess the damage that will result to such proprietor in case the proposed road be opened. Upon the report of the viewers, upon the inquest, whore one has been taken, and upon other evidence, the statute says the court “shall proceed to consider, whether all circumstances weighed, it be better that the said road shall he opened.” If opened the damages are to be levied on the' county at the next county levy — if the road is not opened the costs of the inquest are to he adjudged against the party applying.
In this act no appeal or writ of error is expressly allowed to any person or party; but by the act establishing the Court of Appeals it is declared, that “in cases of mills, wills and roads, the plaintiff in error may assign errors upon matters of fact as well as upon matters of law.” So that the question depends upon the general rules of law, in determining who can or cannot have a writ of error. And it has been determined again and again that to enable an individual to maintain a writ of error in case of a road, granted or rejected, he must have a personal or individual interest. In the present case, no individual, (so far as appears to the court,) could maintain a writ of error, because the alteration allowed, *23 I* only by changing the road from one part of Mrs. IjuhLy’:.! land to another part.
County rom Is are established only upon the application of individual-, and error lies only where the private right» of an individual aro prejudiced.
No writ of error lies for the commonwealth in road oases.
There is no precedent for such a writ either in Virginia or here.
It seems that by the system adopted for the laying oííí, or alteration, of roads by the county courts, the applications are to come from individuals — the commonwealth cannot be an applicant. The Legislature can, and have frequently established such' public roads as in their discretion seemed to be necessary and proper. It does seem then, that as to roads within the body of a comity, established and altered by the county courts, the Legislature have confided the questions of openings or alterations to the discretion of the county court, subject to a writ of error in any case where the private rights and interests of an individual are aggrieved or prejudiced.
But if the commonwealth can have a writ of error in such a case, then she can have it before or after writ of error by an individual, or should be a party in every case; for the decision at the suit of the individual cannot bar the commonwealth; nor the decision at the suit of the commonwealth bar the individual. If she can maintain a writ of error upon tlie general allegation tliat the commonwealth is interested in all public roads; then her interest exists in every case of a road ; and all the writs of error from the commencement of the government to this, have been wrong in not joining the commonwealth in road cases; but in no case heretofore has the commonwealth been a party.
No case has been found, upon search, where any writ of error has been maintained, in Virginia, on belialf of the commonwealth; nor in this state, although our act is borrowed from the Virginia act of 1785, which has been in force in Virginia and in this state ever since 1st January, 1787. Such a long series of years not having produced a single instance of a writ of error at the instance of the commonwealth, to the decision of the county court in case of a road, would seem to be strong evidence of the general and uniform exposition of the statute, that such a writ of error would not lie, at the mere instance and suit of the commonwealth.
It is dlificult to perceive how, upon the general *24 principles of law, (unauthorized by any statute,) the commonwealth can be made a party in a writ of error, when she cannot possibly be made a party in the court below; for there, she cannot be plaintiff, nor defendant.
County courts, their juriui'iiction of road oases.
J udp|0 Mills1 dissent.
7?cmy, Attorney General, for the Commonwealth; WkLUjk, for defendant.
In all these cases, the police of the county, through the agency of the county courts, can be exerted more promptly and speedily, in these cases where no individual interest is concerned, but only the public convenience or inconvenience, than by a writ of error into this court. A way opened and altered, may lie changed to the former ground, by the same authority and upon like process in the county court, if upon experience public convenience requires. Public sentiment will act as a speedy and sufficient corrective, through the medium of the body of the justices, where any great public mischief or inconvenience is wrought, by a road being opened or altered, and where no private right or interest is touched in so doing, so as to enable an individual to have his writ of error The Legislature can open roads and establish them; so the great 'interest of the commonwealth cannot suffer.
And the Legislature can by law, if it be deemed politic and expedient, authorize writs of error to he sued in the name of the commonwealth, in such cases. Until that is done, we do not feel disposed, nor obliged by law, to maintain such a writ of error. if the Legislature choose to open this floodgate of litigation at the suit of the commonwealth, and at the expense of the public Treasury they have the power so to do. Until they so authorize, we do not think this writ of error can he maintained.
In this opinion Judge Mills does not concur; conceiving that the commonwealth has, as the crown of England had, the sole right to authorize, establish and control the public highways, and that she lias never surrendered the right of questioning in her courts any injury which may be done to any of them.
It is, therefore, considered by the court, that the writ of error he quashed.