Judge Underwood
delivered'the opinion of (he court.
In October, 1829, D. Drieblebiss in» -stituted an action of debt, in the Hickman circuit court, against Hanna for ttie sum of $1454 84 cents. At the April term, 1830, the defendant, Hanna, produced to the court an instrument of writing, bearing date the 18th of January, 1830, in which it is •acknowledged bv Drieblebiss that he had received payment in full from Hanna, and requesting that the court would dismiss the suit. Having proved the execution of this instrument by the subscribing wit *643 í.gss, Hanna thereupon moved the court to dismiss the suit. Marr, the plaintiif.in error, appeared and opposed the dismissal. He exhibited and proved the execution of an instrument of writing by Drxe-. blebiss, bearing date the 2nd' of January, 1830, by which the benefit of the suit was transferred to him. He also proved, that Hanna acknowledged, in the preceding fall, that the money which-he owed Drieblebiss was going to uarr. It appeared in proof, that Drieblebiss owed Marr a sum about equal to that which Hanna owed him. Upon the foregoing evidence, the circuit court dismissed the action Marr filed exceptions, and now.prosecutes this writ of error.
General rule is, that no " ^ Per?011 ,°an ”fitoferror who is not a Party °rpnofd'orprejudiced by the judgment.,
No perceptible reason why all otherPriYes>1P well as those-by blood or representanon, cannot wr¡t0f error,
Privyin int®tain'a^vnfof' error,
in’a^^aintiff" has assigned to another couvt errin dismissalof je°of the°r" tho beneficiatain a writ of error.
*643 The first question for consideration is — can Marr maintain a writ of error in his own name ? It is laid down as the general rule, in Tidd’s Practice, Title, Error, 1189, “that no person can bring a writ of error to reverse a judgment, who was not party or privy to the record, or prejudiced by the judgment, and, therefore, to receive advantage by the reversal of it.” It would seem from the rule, that privies, or those who might be prejudiced by the judgment, may maintain a writ of error as well ás parties. In respect to- privies, there can be no doubt that they may. It is every day’s practícelo permit privies in blood, as the heir, and privies in •V » , representation, as the-executor or administrator, to maintain writs of error in their names to reverse iudgmen'ts rendered against the ancestor or testator or intestate.- We perceive no reason why the rule should not hold-in every other case of privity. Privies, according to- the definition given in Jacob’s Law Dictionary, are “those who are partakers or have an interest in any action or thing, or any reíatkm to another.” Now, Marr has-clearly shewn, that he had an interest in the debt for which theaction was pending. His interest was of such a character as gave him the right to use the name of Drieblebiss in prosecuting It was an interest which the court was bound to protect according to repeated decisions of this court- by all-owing him to use the name of Drieblebiss. Indeed, he was so far a party in interest as that a plea of set-oif might have been *644 successfully pleaded against him. Ward vs. Martin, III Mon. 19; Carlisle vs. Long, I Mar. 486.
Wdien if appears (hat nominal pltf. has assigned to another the benefit of the suit, a receipt given to the defendant by the nominal pltf. and which also directs a dismissal of the suit, is insufficient evidence to authorize tho court to dismiss the suit. Such receipt is no evidence,against tho beneficiary, that deft, has paid the debt
But whether Marr be, strictly speaking, privy or ¿ iutjgnieut rendered in the present case directly operates to ins prejudice. Drieblebiss bad removed from the county before the court at which the judgment.was rendered, and, whether he be solvent or insolvent, his removal was calculated to obstruct Marr in the recovery of his debt, and he might lose it altogether unless he could make it of Hanna upon the pending suit, the benefit of which was assigned to him. If, then, tiie judgment rendered was calculated to defeat his rights, we perceive no reason why he may not, on account of such prejudice, maintain the writ of error. If the circuit court erred, to his prejudice, in dismissing the suit, he may reverse that judgment even against the will of Drieblebiss. And, as he was a party to the motion, the writ of error may be prosecuted in his name.
We shall proceed to enquire into the merits of the case.
It is perfectly clear, that the benefit of the debt against Hanna had been transferred to Marr before Hanna paid it to Drieblebiss. Indeed, there is no evidence that he ever paid Drieblebiss, for the receipt Drieblebiss, as against Marr, is no evidence of that fact. Davidson vs. Berthoud & Son, I Marshall, 354. When Marr shewed that the debt had been transferred to him, (before there is any pretence tor saying that Hanna liad paid it,) whereby he was authorized to pioceed with the suit in the name of Drieblebiss, the court should have required Hanna to prove the actual payment of the debt by the oath of some witness. The conduct of Drieblebiss is subject, to strong suspicions of fraud. It would seem from his receipt to Hanna, that he had, after transferring the debt to Marr, collected the money and left his creditor unpaid. Hanna has not acted in good faith if he paid Drieblebiss, aiter he knew that the debt had been transferred to Marr. It may be that Hanna has not paid either, and that he has done no more than to enter into an arrange *645 tnent by which he has secured further time. Whatever maybe the truth, it is not manifested by the receipt of Drieblebiss, which is no more than hearsay when made to operate on Marr. if Hanna obtained ihe receipt of Drieblebiss before notice of the transfer of the debt to Marr, then the receipt is, per se, conclusive evidence of payment as against Drieblebiss, the plaintiff in the action. But if he had nolice Of the transfer before he obtained the receipt, then, as against Marr, tho receipt is not even prima facie evideuce that the debt was paid. We shall not undertake to decide whether Hanna had or had not notice of the transfer at the time he obtained the receijit from Drieblebiss. That is a matter of fact which belongs to a jury, and ought to have been submitted to one after Marr had shewn his interest in the suit and debt. 1 he circuit court should have required Hanna to plead. If he filed a jilea of paytnent to Drieblebiss since the institution of the suit, Marr, using the name of Drieblebiss, might rejily, that the debt and benefit of the suit had been transferred to Marr before Hanna had made any jiayment to Drieblebiss, and that Hanna had notice of such transfer before he made any jiayment to Drieblebiss In this way the merits of the case might have been reached and fairly decided by a jury, the proper tribunal to settle litigated facts.
When norni(h0 0f thnsuit to aren^Vdc'fentUant a receipt «gamst tfao quésüoñwhether clefendaut had no-^0? of the benefit of the suit bo(u’cjded by a jury, ami not tbe court-
Brown, for plaintiff; Crittenden, for defendants.
The judgment of the circuit court is reversed, and the cause remanded for proceedings not inconsistent with this opinion.
The jilaintiff in error must recover his costs.