# Rout *et al. vs* Mountjoy.

### Error to the Anderson County Court.

*Private pass-ways. Inquisition. Notice.*

Judge Breck delivered the opinion of the Court.

The defendant in error sought to establish, by proceedings in the Anderson County Court, a private pass-way over the lands of John Rout and Myers, plaintiffs in er-

ror. After various proceedings, the pass-way, by the judgment of that Court, was established, and the case is now before this Court for revision.

ROUT *et al.*
*vs*
MOUNTJOY.

Various errors are assigned, but prior to noticing them, we will dispose of the objection or question raised by the defendant in error, as to the jurisdiction of this Court in cases of this kind.

The tenth section of the act authorizing the establishment of private pass-ways, (*Stat. Law*, 139,) gave this Court the same jurisdiction upon that subject that it had by the laws then in force in road cases. This Court had then power to try all matters of law and fact, in questions relating to public roads. The act of 1830, (*Stat. Law*, 1408,) has abridged that power and abolished the jurisdiction of this Court, except as to matters of law merely, which it still retains, as settled by this Court in *Case et al.* vs *Myers*, (6 *Dana*, 330.) So that, as to errors in law, there can be no doubt of the jurisdiction of this Court in this case. Whether the jurisdiction of this Court in this class of cases was to any extent affected by the act of 1830, referred to, is a question which, in this case, we deem unnecessary to decide, as matters of law only are presented in it for consideration.

*This Court can only revise the decisions of the County Court in relation to private pass-ways as to matters of law, not of fact:* (6 *Dana*, 330.)

Having disposed of the question of jurisdiction, we will now notice the objections to the proceedings of the County Court, made by the plaintiffs in error.

It is insisted that the original notice of the defendant in error, the order appointing viewers, and their report, and the inquest of the jury, under the writ of *ad quod damnum*, were all irregular and defective, and that the Court erred in overruling the several motions to set them aside.

The notice was for a pass-way, to run upon the line between John Rout and Myers, but it was also directed to and served on Robert Rout, although it does not appear from the notice or otherwise, in the record, that he had any interest in the land over which the pass-way was proposed to be conducted, or that he had any interest in any way to be affected by the proceeding; he was not named in the order appointing viewers, nor in their report. As we do not perceive, therefore, any thing in the proceedings which can prejudice his interest, whether an in-

*One who does not appear to be affected by the establishment of a private pass-way, and is no party to the proceeding, cannot sustain a writ of error.*

fant or not, there is no error in the case of which he can complain or avail himself.

But the objections to the proceedings were made by the Routs and Myers, jointly and severally, and as to John Rout and Myers, are, therefore, available.

The order appointing viewers, was made at the May term of the Court, 1840, and as the notice upon John Rout had not then been served ten days, was made prematurely, and ought, on motion, to have been set aside.

*Ten days notice must be given of an application for the establishment of a private pass-way; and the finding of the jury on the writ of ad quod damnum must show that they were charged as the law requires. If additional fencing is necessary, show how much—and to be signed and sealed by the jurors.*

The inquest under the writ of *ad quod damnum* does not show that the jury were charged as the law requires, nor does it respond to the several matters required to be given in charge. It does not state how much, if any additional fencing would be required; nor does it appear that the inquest was *signed and sealed* by the jurors, as the law requires.

The order of the Court, therefore, establishing the private pass-way, and the order appointing viewers, and all the subsequent orders in the case, must be reversed and the cause remanded for proceedings not inconsistent with the principles of this opinion.

*Herndon and Hardin* for plaintiffs: *Draffin* for defendant.