## Turk, et al. v. Mosby, et al.

(Decided February 12, 1926.)

## Appeal from Carlisle Circuit Court.

1. Appeal and Error—Intermediate Grantee and Grantor Cannot Appeal from Judgment Granting a Lien on Property, where he would Come Under no Obligation by Reason of its Enforcement.—An intermediate grantee and grantor of property cannot appeal from a judgment granting a lien against property, but making no personal judgment against him, where there was no showing that he came under any obligation to reimburse subsequent grantees for any loss that they might sustain by reason of enforcement of lien.

2. Appeal and Error—A Party Cannot Appeal from a Judgment which Does Not Affect Him.—If a party does not show that he is directly or indirectly interested in the controversy, he may not appeal from a judgment which does not affect him.

BEN S. ADAMS for appellants.

JOHN E. KANE and R. M. SHELBOURNE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On December 1, 1919, the appellee, Dr. Wm. L. Mosby, conveyed to Ed and Jessie George a tract of land known in this record as the 175 acre tract. As a part of the consideration for such conveyance, the Georges transferred to Dr. Mosby a number of lien notes they had received in some other land transactions. To secure the payment of these notes, Dr. Mosby retained a lien on the 175 acre tract. On April 14, 1920, the Georges traded this 175 acre tract for two tracts of land owned by the appellees, John G. and R. S. Roberts, known in this record as the farm lot and town lot. To secure themselves against a possible loss on account of any enforcement of the lien retained by Dr. Mosby on the 175 acre tract, the Roberts reserved a lien on the farm and town lots they transferred to the Georges. The latter on June 26, 1920, conveyed the farm lot to the appellant, L. C. Turk, and on June 17, 1921, he conveyed it to D. T. Sullinger who later conveyed it to W. R. Greene. Thereafter Dr. Mosby brought suit to enforce his lien on the 175 acre tract, and among others he made parties to that suit the Georges and the Roberts. The latter filed their answer and a cross-petition against their co-defendants, the Georges,

and also against Turk, Sullinger and Greene, in which they ask that in the event it should be decided that Dr. Mosby was entitled to enforce his lien against the 175 acre tract, their lien on the farm and town lots be enforced to reimburse them for any money they might have to pay to Dr. Mosby on account of his asserted lien. The Georges and the Roberts defended Dr. Mosby's suit on the theory that he had failed to give proper notice of dishonor to Ed and Jessie George when the makers of the notes he had received from the Georges for the 175 acre tract had defaulted in their payment. The appellant, L. C. Turk, filed his answer which, in the main, set up the same defense as that of the Georges and the Roberts. Sullinger and Greene filed demurrers but no further pleadings. On final submission, the court gave Dr. Mosby a judgment for a part of the notes upon which he was suing and gave him a lien on the 175 acre tract to secure their payment. In the same judgment he adjudged to John G. and R. S. Roberts a lien on the farm and town lots to secure them against any loss they might sustain by reason of the enforcement of Dr. Mosby's lien. The judgment also ordered a sale of the several tracts of land in lien to satisfy the judgments awarded. The Georges and the Roberts later satisfied the Mosby judgment without a sale, so far as the record shows, of any of the tracts of land involved.

This appeal was prosecuted in the names of Turk and Ed and Jessie George from the judgment above referred to, but on motion in this court, Ed and Jessie George had ther names stricken from the list of parties appellant because they were satisfied with the judgment and the appeal had been taken for them without their consent or authority. L. C. Turk is, therefore, now the sole appellant.

The appeal as to him will have to be affirmed. No personal judgment was given against him. Nowhere in any of the pleadings is it averred that he will suffer any loss or damage by reason of any lien being enforced against the farm lot of which he was an intermediate grantee and grantor. From this record it does not appear that when he conveyed the farm lot to Sullinger, he made any covenants of title, warranty or any kind in his deed. The pleadings both of the Roberts and of Turk simply say that Turk conveyed the land to Sullinger and Sullinger to Greene. The proof is silent as to the nature of these deeds so far as any covenants are concerned.

Conceding that the lien adjudged against the farm lot will be enforced Greene, who is not appealing from the judgment, is the only one, so far as this record shows, who will be hurt thereby. There is nothing here to show that Greene has or will have any claim against Sullinger or Turk if this farm lot be taken from him, or that Sullinger has any claim against Turk should this lien be enforced. There is no pleading or proof to indicate that Turk is under any obligation to reimburse Sullinger or Greene for any loss either of them may sustain by reason of the enforcement of this lien.

If a party does not show that he is directly or indirectly interested in the controversy, he may not appeal from a judgment which does not affect him. Bowles v. Vaughn's Admr., 97 S. W. 802. Therefore, as Turk has failed to point out how he has been affected or prejudiced in any way by the judgment appealed from, it must be affirmed.