### Giles et al. v. Minton et al.
### Same v. Byrd et al.
(Decided March 10, 1933.)

MARTIN T. KELLY and CHARLES E. HERD for appellants.

ARTHUR RHORER, E. P. NICHOLSON, Jr., and N. R. PAT-TERSON for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Dismissing appeal.

This is an appeal from a judgment of the Bell circuit court, which enjoined and restrained H. R. Giles, commissioner of the city of Middlesboro from participating in the hearing of certain charges preferred by him against the appellee policemen of that city.

Middlesboro is a city of the third class, functioning under the commission form of government.

On April 20, 1932, the chief of police, Charles Minton, and three other acting police officers of said city, were served with notice that charges of official misconduct had been preferred and filed against them by Commissioner Giles, which would be heard by the commissioners on April 23 following.

On April 21, Minton, chief of police, and the other policemen so charged, filed separate suits (which are consolidated in this action presented upon this appeal), wherein they allege that these charges made against them were each and all untrue, and sought an injunction against Commissioner Giles restraining him from sitting in the trial of the charges he had preferred against them and also against Commissioner Coleman, from sitting with or aiding or abetting the said Giles in his trial of said charges.

The injunction was granted.

Upon the calling of the case for trial of the preferred charges, the enjoined commissioners were absent, but the defendant policemen presented themselves for trial, and, upon their motion the charges against them were dismissed for want of proof.

Notwithstanding the dismissal of this action, wherein the appellant commissioners were enjoined from trying the preferred charges and the case dismissed, the appellants have none the less prosecuted

this appeal from the lower court's judgment in over-ruling their demurrer to the appellees' petition, and here insist upon our adjudication of that, now academic, question.

With these facts appearing, we conclude that there is now no real controversy between the parties here submitted for judicial determination, and therefore that the appeal, now seeking an opinion upon the question, raised by the demurrer of the legal right of a commissioner to sit in the hearing of charges preferred by him against said policemen, has become merely moot, and, when prosecuted under these circumstances, is in substance merely a petition for judicial advice as to the subject in hand.

The case, therefore, seems to be on all fours with and controlled by the cases of Johnson, Mayor, v. Smith, 70 S. W. 192, 24 Ky. Law Rep. 883, Conn et al. v. Desha, 71 S. W. 513, 24 Ky. Law Rep. 1400, and Owen County v. Threlkeld, County Judge, et al., 90 S. W. 971, 28 Ky. Law Rep. 929, Turk v. Mosby, 213 Ky. 50, 280 S. W. 472, Thomas, Adm'r, v. Thomas, 162 Ky. 630, 172 S. W. 1054, wherein the court was of the opinion that only moot or academic questions were submitted by the appeals, and for such reason declined to determine them.

This appeal likewise, we are of the opinion, presents but a moot question to the court, which it should accordingly, for such reason, decline to determine. Therefore the appeal is dismissed.