## Clay County et al. v. Manning et al.

(Decided June 7, 1938.)

HIRAM H. OWENS, BERT T. COMBS, W. M. RICE and ROY W. HOUSE for appellants.

A. T. W. MANNING and T. T. BURCHELL for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Dismissing appeals.

This action was instituted in the name of the Commonwealth of Kentucky for the use and benefit of Clay county against T. C. McDaniel, Sheriff of Clay county, and the sureties on his official bond, seeking to recover judgment against him for revenue collected and not accounted for for the year 1935 in the sum of $10,232.16. The county was represented in the litigation by the county attorney and by counsel employed by the fiscal court to assist in the litigation.

Thereafter, Lacey Abner, a taxpayer of Clay county, and the Clay County Taxpayers' League were permitted to file an intervening petition alleging in substance that the action was not brought and was not being prosecuted in good faith and not with a purpose to recover from the sheriff the full amount due the county and the county board of education. The interveners asked that the sheriff be required to make full and complete settlement of his accounts for both the years 1934 and 1935. Thereafter Lacey Abner asked that his name be stricken as an intervening petitioner which was done and upon motion of T. T. Burchell, a citizen and taxpayer of the county, his name was substituted as intervening petitioner instead of the name of Abner. The attorney for the intervening petitioners was A. T. W. Manning.

After the cause had been referred to the master commissioner and he had heard the evidence and filed a report, and objections by the county, the interveners, the sheriff and his sureties had been heard, it was adjudged that the county recover of the sheriff and his sureties a sum considerable in excess of the amount prayed for in the original petition with interest and costs which altogether at the time of the judgment amounted to something over $16,000. It was further adjudged on motion of A. T. W. Manning, attorney for the interveners and upon evidence in support of his motion that he be allowed a sum equal to 15 per cent of the recovery adjudged to be paid from the funds collected with a lien on such funds to secure the sum adjudged to him. The county prosecuted an appeal

from so much of the judgment as permitted any recovery against it in favor of Manning. Sometime after the entry of the judgment the fiscal court accepted the sum of $11,253.49, in full satisfaction of the judgment against the sheriff and his sureties and assigned the judgment to them. Appellee Manning has entered a motion to dismiss the appeal by the county on the ground that as disclosed by the record the county had assigned the judgment to the sheriff and his sureties and had no further interest in it. That motion has been passed to the merits. After this motion was made the sheriff and his sureties to whom the judgment had been assigned entered motion to be permitted to prosecute an appeal on the record brought up by the county from that part of the judgment allowing to appellee a fee equal to 15 per cent of the amount recovered and appellee moved the court to dismiss the appeal of the sheriff and his sureties.

Counsel for the county in response say that they confess the motion to dismiss the appeal as to the county, and they and the attorneys for the sheriff and his sureties agree that the appeal of the county be dismissed.

Without the necessity of discussing the merits of motion to dismiss the appeal of the county it is sufficient to say that since the county has admitted that the appeal should have been dismissed and consented to that being done, no other course is left open to us.

Much has been said in briefs by counsel for respective parties concerning the motion to dismiss the appeal of the sheriff and his sureties but little, in the circumstances, that is pertinent. The sheriff and his sureties are not appealing from the judgment against them but as above stated only from the judgment in favor of appellee against the county which is to be paid out of a sum recovered by the county. It is therefore at once manifest that in the capacity in which they were sued and asked to prosecute the appeal, they have no interest whatever in the judgment of appellee against the county and their rights are in nowise affected thereby. Under the judgment rendered against them they are required to pay to the county specific sums with interest and penalties, and there is no judgment against them in favor of appellee, but the judgment merely directs a part of the amount recovered from the sheriff and his

sureties be applied to the payment of the attorney fee allowed appellee. That did not increase or diminish their liability to any extent whatever. If the county were relieved of its liability to appellee the liability of the sheriff and his sureties to the county would remain the same. It is a rule of unvarying application that one may not appeal from a judgment which does not in any way prejudice or affect his rights or where no obligation would be imposed upon him by enforcement of the judgment. Williams v. Tyler, 17 S. W. 276, 13 Ky. Law Rep. 392; Turk v. Mosby, 213 Ky. 50, 280 S. W. 472; Commonwealth v. Dudley, 21 Ky. 21, 5 T. B. Mon. 21; Rout v. Montjoy, 42 Ky. 300, 3 B. Mon. 300; Combs v. Jefferson Pond Draining Company, 60 Ky. 72, 3 Metc. 72; Malloy v. Barkley, 219 Ky. 671, 294 S. W. 168; Marr v. Hanna, 30 Ky. 642, 7 J. J. Marsh. 642, 23 Am. Dec. 449; 2 R. C. L. 68, section 49.

Since the sheriff and his sureties are not appealing from the judgment against them and no additional liability is imposed upon them by the judgment in favor of appellee and they will not be injuriously affected by its enforcement, we are, in the light of the authorities cited, constrained to hold that they cannot maintain this appeal. We are only concerned with the judgment appealed from and not called upon to determine rights as between the parties with respect to or growing out of matters or transactions subsequent to the judgment.

Wherefore for the reasons assigned the appeals of both the county and the sheriff and his sureties are dismissed.