LEWIS v. TILTON.

1 **Practice in Supreme Court:** DISMISSAL OF APPEAL UPON AFFIDAVITS. In order to determine an important right upon mere affidavits, the matter in controversy should not be left in doubt. Accordingly, this court will not dismiss an appeal on the ground that the matter in suit has been settled since the taking of the appeal, when the affidavits in relation to the fact of settlement do not fully satisfy the court that such settlement has been made.

*Appeal from Wapello District Court.*

FRIDAY, OCTOBER 19.

IT appears from the record in this case that the defendants were members, and constituted the executive committee, of the "Ottumwa Temperance Reform Club." This organization was not an incorporated society or company, but was a mere voluntary association of persons. The executive committee of the club entered into a written contract with plaintiff, in the name of the club, for the lease of a hall for the use of the association. The club became delinquent in the payment of the rent of the hall, and owed a bill for gas. The plaintiff took an assignment of the bill for gas, and commenced

this action to recover of the defendants personally the amount due for rent and for gas. There was a demurrer to the petition, which was sustained, and the plaintiff appealed. The defendant submitted a motion to dismiss the appeal, upon the ground that the claim of plaintiff had been compromised and settled since the appeal.

*Chambers & McElroy*, for the motion.

*W. H. C. Jaques*, contra.

ROTHROCK, J.—C. D. Hendershott was counsel for the plaintiff in the court below, and had the principal management of the case. The defendants claim that, after the case was disposed of in the district court, they handed over to Hendershott certain subscriptions to the club, in compromise and settlement of the claim of the plaintiff, and that Hendershott accepted the same for the plaintiff and as a compromise, and collected part of the subscriptions for the plaintiff; that the plaintiff accepted and ratified this settlement, and is bound thereby. On the other hand, the plaintiff protests that he had no notice of any such an arrangement; that Hendershott had no authority to make such a settlement, and that he received no part of the subscriptions from Hendershott. A large number of affidavits have been filed by the parties, and every fact and proposition submitted in the motion is supported and contradicted by the affidavits. It is true, all parties concede that the subscriptions were turned over to Hendershott. The defendants claim that they were delivered to him for the plaintiff as a compromise of his claim. Hendershott claims that he received them for collection as the attorney of the defendants. There is no writing signed by any of the parties in regard to the matter in controversy. In this state of the record, we cannot dismiss the appeal. In order to justify the determination of an important right upon mere affidavits, the matter in controversey should not be left in doubt. It should clearly appear that appellant has no further

right to prosecute the appeal, in order to justify this court in thus disposing of the case. If this appeal should be prosecuted, and the judgment of the district court reversed, the defendants can then interpose any defense they have to the plaintiff's claim, whether it was before or after suit commenced, and such defense can be tried in the usual manner, by jury, and by an examination of witnesses in open court. It is also claimed that the appeal should be dismissed on account of the delay in its prosecution. This we think is sufficiently excused by the showing made by appellant.

MOTION OVERRULED.