CASE 43—PETITION EQUITY—FEBRUARY 21.

# James, &c., v. Cox, &c.

APPEAL FROM HENRY CIRCUIT COURT.

THE AFFIDAVIT FOR THE APPOINTMENT OF A GUARDIAN AD LITEM
required by section 38 of the Code, may be made by either the plaint-
iff or his attorney, whether the plaintiff is in the county or out of it,
it being expressly so provided. Therefore, section 550 of the Code,
providing that an affidavit required to be made by a party, may be
made by his attorney when he is absent from the county, does not
apply to the affidavit provided for by section 38. But the court is
not inclined to adjudge that, even if section 550 applied, the judg-
ment would be void because of the failure of the attorney's affidavit
for the appointment of a guardian *ad litem* to show that the plaintiff,
his client, was absent from the county.

WM. CARROLL FOR APPELLANTS.

The clerk has no authority to appoint a guardian because the affida-
vit made by the attorney fails to state that the plaintiff was absent
from the county. The infants were, therefore, not before the court,
and the judgment as to them is void. (Civil Code, section 550.)

JOHN D. CARROLL FOR APPELLEES.

The affidavit required by section 38 of Code may be made by the
party or his attorney, whether the party is in or out of the county.
Section 550 does not apply to such affidavits.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

There is no appeal from the judgment rendered in
this case, but the appeal is prosecuted from the order
confirming the report of sale made by the commissioner.
Section 38 of the Civil Code provides, where the de-
fendant is an infant, that no appointment of a guardian
*ad litem* shall be made until an affidavit of the plaintiff
is filed, or of his attorney, showing that the infant has
no guardian, curator, etc., residing in the State known
to the affiant. The affidavit may be filed in court or

with the clerk.  In this case the affidavit was made by the attorney, but in it he failed to state that the plaintiff (his client) was absent from the county, and, therefore, it is claimed the proceeding against the infant is void.  Section 550 of the Code provides that where the Code requires or authorizes a party to make an affidavit, it may be made by his agent or attorney, if the party is absent from the county, unless otherwise expressed, etc.  It will be observed that section 38 authorizes either the party or his attorney to make the affidavit, and, therefore, this case is not embraced by the provisions of section 550.  If the party had been authorized to make the affidavit provided for in section 38, then the attorney, by reason of section 550, could have made the affidavit if the plaintiff was absent from the county.  In a case like this either the plaintiff or his attorney can make the oath, whether the plaintiff is in the county or out of it, as this is the express provision of the Code.  Nor are we disposed to adjudge that the judgment would be void if section 550 applied to this case.  We perceive no error in the record, either as to the service or manner of service on the infants, that would render the sale void, and as the appeal is from the order of confirmation alone, the judgment below is affirmed.