## Light, et al. v. Miller, et al.

(Decided February 13, 1920.)

## Appeal from Trigg Circuit Court.

Appeal and Error—Amount or Value Actually Involved.—One can not appeal from a judgment giving him all, or substantially all. of the relief which he sought in the court below. but if he should attempt to prosecute one from such a judgment the appeal will be dismissed upon a motion made for that purpose, or by the court on its own motion.

SMITH & KING for appellants

No brief for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

This suit, in the nature of the common law bill, *quia timet,* was brought by appellants and plaintiffs below, John G. Light and Joe Light, against the appellee, Naomi Miller (who is their sister) and her husband, who were defendants below.

The facts, as they appear from the allegations of the petition, are that some time prior to August 15, 1918, Naomi Miller was, by proper orders of the court, adjudged a person of unsound mind, and was for a time confined in the Western Hospital for the Insane, at Hopkinsville, Kentucky. On the date mentioned, in a proceeding instituted in the Trigg county court for that purpose, she was adjudged to be restored to her normal mental condition. Two days thereafter, on August 17, 1918, plaintiffs purchased from her all of her one-fifth undivided interest in and to her father's estate, including the interest which she inherited in all of her father's personal property, tangible and intangible, and also her interest in all of his real estate. On the same day she and her husband executed a deed conveying to plaintiffs such interest, and some time thereafter she manifested symptoms of a recurring attack of insanity.

Upon receipt of their deed the plaintiffs paid to their sister $206.25, and executed to her their note for the balance of the purchase money due the first of the following January. On that day the petition in this case was filed alleging the above facts, and further alleging that the defendant was at the time of the execution of the deed,

as well as at the time of filing the petition, of sound mind and capable of contracting with reference to her property rights, but that in view of possible doubts concerning her mental condition at the time of the execution ot the deed, and of the uncertainty as to the defendant's capacity to accept payment of the note, plaintiffs filed the suit praying that the defendant be adjudged of sound mind when the deed was executed, and at all times thereafter, and for judgment removing what plaintiffs claim to be a cloud upon their title. There was an alternative prayer that if the court should determine the defendant to be of unsound mind at the time of the filing of the suit, that a committee be appointed for her to whom plaintiffs could legally pay the note. No guardian *ad litem* was appointed for defendant, she being proceeded against as a person of sound mind.

After the taking of proof and the submission of the cause, the court adjudged that Naomi Miller was at the time of the execution of the deed, and also at the time of the rendition of the judgment, of sound mind, and legally capable of executing the deed and receiving payment of the note; that the consideration paid by plaintiffs was adequate, and that the deed executed to them by their sister, the defendant, Naomi Miller, was valid, and that plaintiffs be quieted in their title to the property conveyed. From that judgment plaintiffs prosecute this appeal.

From the conclusion which we have reached, it will be unnecessary to determine whether the facts relied on as constituting a cloud upon plaintiffs' title are sufficient for that purpose, since we are convinced that plaintiffs are not entitled, under the rules governing appellate practice, to prosecute this appeal.

In 3 Corpus Juris 635, the general rule upon the right of the successful party to prosecute an appeal is thus stated: "Although there are exceptional cases, the general rule is that a plaintiff or defendant can not appeal or prosecute a writ of error from or to a judgment, order or decree in his favor, since he is not aggrieved thereby." The "exceptional cases" referred to are shown (page 636) to be where the judgment, although in form in favor of appellant, does not give him all of the relief to which he is entitled, or it is otherwise erroneous and prejudicial, when the law of the forum gives the right of appeal in all cases "to any party aggrieved."

It is manifest that the judgment appealed from in the instant case does not come within the exception to the rule. In a note to the quoted text are cases cited from many states, as well as from the Federal courts.

In Elliott on Appellate Procedure, section 147, the learned author upon this question says:

"The general rule is that a party who fully succeeds has no right to an appeal. A party may, however, obtain some relief, but not all to which he is entitled, and in such a case an appeal will lie. If a party is awarded full relief there can be no room for an appeal, since there is no wrong to redress, and if no wrong, no remedy exists. So, too, a party who fully succeeds can not be injured by any ruling of the trial court, and only prejudicial errors call into exercise the appellate jurisdiction."

Among the numerous cases cited in the note as fortifying the text is Commonwealth Insurance Co. v. Pierro, 6 Minn. 596. In that case the appellant in the court below filed a demurrer to his adversary's pleading, specifying the grounds therefor. The court sustained the demurrer upon one of the grounds, but denied the sufficiency of the others, and although there was a judgment in favor of appellant, he prosecuted an appeal, which was dismissed by the Supreme Court of Minnesota on its own motion.

The case of Ruddle v. Summers, 22 Ky. Law Reporter 488, was one brought against non-resident defendants to quiet plaintiffs' title to a tract of land, and a judgment was rendered granting the relief sought. Plaintiffs filed the transcript in this court and sought an affirmance of the judgment, not as appellants but under what they conceived to be their right under section 741 of the Civil Code, which says: "The appellee may file an authenticated copy of the record in the clerk's office of the Court of Appeals with the same effect as if filed by the appellant." On motion of this court the transcript was stricken from the docket upon the ground that the losing party had not prosecuted an appeal, and since none was pending the section of the Code relied upon did not apply. It is also inferentially held in the opinion that only the defeated party in the court below may seek affirmative relief in this court, the opinion saying:

"One cannot take an appeal for his adversary. This affirmative relief which a party who has been defeated in the court below may or may not desire; and he must

be permitted to decide for himself whether he will seek redress for any supposed wrong.''

The case of Parkey v. Spencer, 32 Ky. Law Rep. 74, was one where the purchaser of land at a judicial sale filed exceptions to the commissioners' report of sale, which exceptions were sustained and the sale set aside, and the purchaser prosecuted an appeal from that judgment which, as will be seen, sustained his exceptions and cancelled the sale bonds which he had executed. This court, in the opinion, said: ''Of this judgment in his favor the appellant is seeking a reversal. This he can not have; the court granted what he asked, and of the judgment so obtained he can not complain.'' However, the court in that case, instead of dismissing the appeal, affirmed the judgment, which we are convinced was not the proper procedure. The appeal should have been dismissed, for if the appellant had no legal right to prosecute the appeal, his endeavor to do so could not confer jurisdiction on this court. We feel sure that in that case the court's attention was not directed to the proper order in disposing of the appeal and it inadvertently affirmed the judgment when it should have dismissed the appeal.

To take jurisdiction of appeals prosecuted by one having no right to do so, and to pass upon the merits of the case forecloses all rights of the other party to subsequently prosecute an appeal within the time allowed him by law, and such adjudication would be procured by one having no right to call upon the appellate court to speak upon the subject. The rule denying the right of the successful party to prosecute an appeal will also be found stated in 2 R. C. L., page 56.

That the proper practice in cases like this is for the court to dismiss the appeal on its own motion is borne out by the text in 4 Corpus Juris, pages 583, 589 and 590. Beginning on page 589, the text says:

''Although an appeal will not be dismissed *ex proprio motu,* save for very good reasons, it is well settled that want of jurisdiction, as where it does not appear that an appealable judgment or decree has been duly rendered and entered, defects going to the jurisdiction, *want of right to appeal,* defect of parties, defects in the proceedings for review, as where it does not appear that an appeal was properly taken and perfected, want of prosecution, want of an actual controversy, or a decision which can not affect the substantial rights of the parties will

warrant an appellate court in dismissing an appeal or writ of error of its own motion.''

From a review of the authorities, as well as from reasonable deductions to be drawn from the rules governing appellate practice, our conclusion is that one can not prosecute an appeal from a judgment giving him all the relief he sought, and if he does so, the court to which the appeal is taken may, on its own motion, dismiss it, and in compliance therewith, this appeal is dismissed.