## Sparks v. Sparks, et al.

(Decided February 8, 1921.)

### Appeal from Jessamine Circuit Court.

Appeal and Error—Dismissal.—An appeal, by a party who has been granted in the lower court the whole relief which he sought, is unauthorized, and will be dismissed by this court on its own motion.

BRONAUGH & BRONAUGH for appellant.

Appellees not represented on appeal.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Dismissing appeal.

R. M. Sparks instituted this action in September, 1919, in the Jessamine circuit court against H. C. Sparks, and Maggie C. Sparks, trustee for H. C. Sparks.

The petition alleges that the plaintiff procured a judgment against the defendant, H. C. Sparks, execution upon which was levied upon a certain tract of land as the property of H. C. Sparks whereby he secured thereon an execution lien.

It is further alleged that in 1902 the said H. C. Sparks executed a deed for said land to E. R. Sparks; that there was no consideration for the execution of the deed other than the agreement of E. R. Sparks to convey the property described therein as the said H. C. Sparks might direct; that thereafter, pursuant to the obligations and agreement mentioned in the deed, E. R. Sparks did convey the same to the defendant, Maggie C. Sparks, trustee, to be held by her in trust for her son, H. C. Sparks, during his life, and in remainder to his children, with the condition that the said H. C. Sparks should have no power whatever to sell, mortgage or in any wise encumber the property, and that the same should not be liable for the debts of the said H. C. Sparks, and that if any attempt was made to subject the property to the debts of the said H. C. Sparks by execution, attachment, or judgment of court, or any legal proceeding whatever, all his interest therein should cease and vest in the children of said H. C. Sparks then living, or that might thereafter be born; that at the time of such deed the said H. C. Sparks had one child, John W. Sparks, but that said John W. Sparks died in 1917 while an infant, unmarried

and childless, and that said H. C. Sparks had never had any other children.

He prayed that H. C. Sparks should be adjudged the absolute owner in fee simple of the land described, and that he be adjudged a lien thereon by reason of the levy of his execution, and that the same be enforced and a sale thereof had.

The defendant, Maggie C. Sparks, answered admitting all the allegations of the petition and of the answer and cross petition of H. C. Sparks hereafter mentioned, and alleged that at no time since the execution of the deed from E. R. Sparks to her as trustee had she ever assumed any control of or possession of the property therein described, and that she did not now claim any interest therein as trustee or otherwise, and joined in the prayer of the petition and the cross petition of H. C. Sparks.

H. C. Sparks filed his answer, which he made a cross petition against Maggie C. Sparks, trustee, and alleged that at the time of the execution of the two deeds he was a young man who had shortly theretofore arrived at his majority, and that at the solicitation and instigation, and by the persuasion and under the influence of the said E. R. Sparks, who was his uncle, and of the said Maggie C. Sparks, who was his mother, and without any consideration, and for the sole purpose, as he then thought, of protecting his said property from being subjected by his creditors, executed said deed to E. R. Sparks and suffered said E. R. Sparks to make the deed of trust to Maggie C. Sparks with the conditions and the limitations therein expressed; that the true meaning of said conveyances was not known to him at the time or until the land was sought to be subjected to the plaintiff's debt; that his uncle and mother acted in the premises with the best intentions but that it was unwise for them to have so acted and have the deeds drawn as they were, and that he, on account of his youth and inexperience at the time, suffered said deeds to be made under a misunderstanding as to their effect, he at the time being a young man of unstable habits, but says that he is now nearly forty years of age and settled in his habits and business; that he had no intention by the deed to Sparks to dispose of his interest in the land, and has never received any compensation therefor, and has at all times retained control over said property, and the said Maggie C. Sparks has never at any time assumed control thereof. He asked

that the deeds to E. R. Sparks and Maggie C. Sparks, trustee, be adjudged null and void and that he be adjudged the owner of the fee in the property described.

The action was submitted to the circuit court on the pleadings, no evidence having been taken, and a judgment was entered therein declaring null and void the two deeds mentioned, and adjudging H. C. Sparks to be the owner in fee of the property described. It was further adjudged that R. M. Sparks had acquired a lien on the property by his execution levy, and a sale thereof to satisfy the same was ordered.

No party to the action excepted to the entry of this judgment, but at the foot thereof it was ordered that an appeal be granted to plaintiff or defendant.

The plaintiff, R. M. Sparks, filed a transcript in this court wherein he is designated as appellant and H. C. Sparks and Maggie C. Sparks, as trustee, are designated as appellees.

The parties filed in this court an agreed order or motion that the case be immediately filed and placed upon the docket and advanced for hearing, and heard upon the record as it stands and the brief of appellant, and stating that the appellees did not desire to file any brief.

There is on file, however, with the transcript a brief designated "brief for appellant," but which brief asks for the affirmance of the judgment.

Each of the three parties to this record received by the judgment of the circuit court the very relief which he sought, and no one of them is complaining of it.

It was adjudged at the instance of R. M. Sparks, and according to the prayer of his petition that H. C. Sparks was the owner in fee simple of the tract of land involved, and that he, R. M. Sparks, had a lien thereon, which was adjudged to be enforced.

It was adjudged for H. C. Sparks, in accordance with the prayer of his answer and cross petition that the two deeds in question were null and void and that he was the owner in fee of the tract of land described therein; and it appears that Maggie C. Sparks disclaimed any interest whatsoever in the land as trustee or otherwise, and she therefore cannot and does not complain of anything in the judgment.

Under these circumstances R. M. Sparks, whose relationship, if any, to the other parties does not appear, files the transcript in this court as appellant.

It is apparent that there is no *bona fide* controversy between these parties, or any two of them, as to the correctness of the judgment of the circuit court, and they are here in the attitude of asking this court to further pass upon a controversy that has already been passed upon by a court of competent jurisdiction just exactly as they each desire it.

This court, in the exercise of its authority to protect itself from unauthorized appeals, will, on its own motion, direct the dismissal of same. Light v. Miller, 187 Ky. 57.

Appeal dismissed.