## Kitchens, et al. v. Edwards, et al.

(Decided March 6, 1925.)

### Appeal from Butler Circuit Court.

1. Partition—Sale and Division of Land Properly Denied, where Married Woman Made Party Plaintiff in Maiden Name and Husband Not Made Party.—A sale and division of land under Civil

Code of Practice, section 490, was properly denied, where an adult married daughter was made party plaintiff in her maiden name, and her husband not made a party, since the sale under such circumstances would have left a cloud on title.

2. Infants—Appointment of Guardian Ad Litem for Service, and Service on such Guardian, Held Void, where Affidavit Made by Plaintiffs' Attorney.—In suit for sale and division of land under Civil Code of Practice, section 490, an affidavit by plaintiffs' attorney for appointment of guardian ad litem for service on infant defendants without showing that all plaintiffs were absent from county, was in violation of section 52, subsection 2, and appointment of guardian was improper and service on him void.

3. Infants—Service of Summons on Infant Defendant Under 14 Years Held Ineffective.—In suit for sale and division of land under Civil Code of Practice, section 490, service of summons on defendant, who was under 14 years, by delivering a copy to her was no service under section 52, and she was not before court.

4. Partition—Where Sale and Division of Land Resisted by Infant Defendants, Court Held Not to Err in Dismissing Petition.—In suit for sale and division of land under Civil Code of Practice, section 490, brought by adults and resisted by infant defendants, where it was not clear that it would be to infants' best interests to order sale, court did not err in dismissing petition instead of having erroneous steps corrected.

G. V. WILLIS for appellants.

MAE HELM, W. R. GARDNER and H. B. HICKS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

J. R. Edwards died intestate the owner of a certain tract of land, leaving surviving him as his only heirs and distributees at law his widow and seven children, of whom six are infants. There is a dispute in this case as to whether or not the widow was at the time of her husband's death a joint owner with him in five-sixths of this land. Some years after his death the widow, who had in the meantime intermarried with M. G. Kitchens, together with the adult child and the husband of one of the infant children, brought this suit against the six infant children, of whom three were over fourteen and three under fourteen years of age, for a sale and division of the land under section 490 of the Code. The suit, however, went far afield before its final submission. After proof had been taken, the case was submitted and the lower court dismissed the plaintiffs' petition, from which judgment this appeal is prosecuted.

That the court did right in declining to order a sale under the record as submitted to him is manifest for these reasons: First, the adult daughter was made a party plaintiff to this action in the name of Lois Edwards. The proof, however, showed that she was married to a man by the name of Martin, from whom she was not divorced and who was still alive at the time of the submission, and who was never made a party to this suit. A sale of the land under such circumstances would have left a cloud on the title and the purchaser could not have been forced to take the property.

Secondly, as the father of the infant defendants was dead and their mother, who had them in charge, was a party plaintiff, and they had no guardian or curator, it became necessary under section 52 of the Code to appoint a guardian *ad litem* for service of summons upon him for them. The plaintiffs filed the affidavit of their attorney in order to have this guardian *ad litem* appointed, which is in violation of subsection 2 of section 52 of the Code, which requires this affidavit to be that of one of the plaintiffs in the action. In Grider on the Judicial Sales of Real Estate, the distinction is pointed out between the proper affidavit to have a guardian *ad litem* appointed for the purpose of defending an action and one to have a guardian *ad litem* appointed for service. Section 175 reads:

"When there are no such persons in being as the Code designates for service for an infant under fourteen, or all of such persons are plaintiffs in the case, then it is the duty of the clerk upon the proper affidavit being filed, to appoint a guardian *ad litem* for service. The ordinary affidavit for appointing a guardian *ad litem* for defense of the action, is not sufficient to authorize the clerk to appoint a guardian *ad litem* for service. By section 38 of the Code a guardian for defense can be appointed upon the affidavit of the plaintiff or his attorney, stating that the infant has no guardian, curator or committee in this state known to affiant; and this affidavit can be made by the attorney, whether the plaintiff be in the county or not. Code, section 38; James v. Cox, 10 S. W. 814, 88 Ky. 270, 10 R. 858; but the affidavit for the appointment of a guardian *ad litem* for service, should show the necessity for the appointment of a guardian *ad litem* for service, and whether

the persons designated in the Code, upon whom summons should first be served, are plaintiffs in the action. This affidavit must be made by one or more of the plaintiffs, and can not be made by the attorney, unless all of the plaintiffs be absent from the county.''

In the affidavit of plaintiffs' attorney filed for the purpose of having the guardian *ad litem* appointed for purpose of service there is no averment that the plaintiffs were absent from the county, and hence he was without right to swear to this affidavit for the purpose' desired. A guardian *ad litem* having been improperly appointed, the service upon him was void, and hence the infant defendants for whom he was served were not before the court.

Third, the sheriff's return on the summons issued in this case shows that it was executed on the three infant defendants who were over 14 years of age, and also on the defendant, Buelah Edwards, an infant under 14 years of age, by delivering to each of them a copy of the said summons, and that it was executed on the guardian *ad litem* appointed as heretofore mentioned for the other two infant defendants only. Counsel in their briefs in this case have mistaken a subpoena which appears on page 28 or 77 of the record for the summons which appears on page 7, and their argument as to whether or not the sheriff's return is proper is entirely irrelevant, as they are arguing about a return on a subpoena. The return on the summons is plain and unambiguous and admits of no argument. The service on the infant defendant under 14 years of age as thus had was, of course, no service under the Code (Code, section 52), and hence she was not before the court.

From the above statement, it is plain that had the court ordered a sale of the property on the state of the record as presented to him, any purchaser at such sale could have objected to the same and his objections would have had to be sustained. Therefore, the court acted properly in refusing to order such sale.

It may be argued, however, that the court should have set the submission aside and had these errors corrected rather than dismissed the petition. However, under the circumstances of this case, we believe the court acted properly in dismissing the petition. The suit was brought by adults. The infants were resisting the sale

on the ground that it was to their best interest that the land be kept together and they be allowed to live thereon. As it was the adults and not the infants who were asking a sale of the property and it is not clear from the record that it would have been to the infants' best interest to have ordered a sale, the court did not err in dismissing the petition instead of having the erroneous steps corrected. However, this action on its part will not prevent any one who has a joint interest in this property from bringing another suit to sell this land under section 490. The court below specifically reserved the question as to what interest the intestate's widow had in this property, and as it was not passed upon in the court below it is not passed on here, and this question is still an open one.

For the reasons above indicated, the judgment of the lower court is affirmed.