## Virginia Gentry v. Florence Gentry.

(Decided January 28, 1927.)

## Appeal from Pike Circuit Court.

1. Appeal and Error—Successful Litigant Cannot Appeal from Judgment Giving Him All Relief Sought.—Where litigant has been successful in getting all relief sought in judgment of lower court, he cannot appeal from such judgment.

2. Appeal and Error—Plaintiff, Recovering Judgment for All Relief Sought, Could Not File Record in Court of Appeals, where Defendant Had Not Appealed (Civil Code of Practice, Section 741). —In action to quiet title brought against infant, in which judgment was entered quieting title and dismissing counterclaim interposed by one acting as guardian ad litem for infant, plaintiff, having recovered all relief sought, was not entitled to file transcript in Court of Appeals, though Civil Code of Practice, section 741, allows filing of copy of record by appellee, plaintiff not being appellee, as no appeal had been taken by infant or guardian ad litem.

3. Appeal and Error—Court Will Not Consider Appeal, where Prevailing Party Filing Record was Not Appellee (Civil Code of Practice, Section 741).—Court will not consider appeal on mere filing of record by prevailing party who was not entitled to file record as appellee, under Civil Code of Practice, section 741.

4. Appeal and Error—Appearance in Court of Appeals of Unauthorized Guardian Ad Litem for Infant Defendant could Not Make Plaintiff Who Prevailed Appellee, Entitled to File Record in Court of Appeals (Civil Code of Practice, Section 741).—In suit against infant in which guardian ad litem was appointed without jurisdiction, such guardian could not, by filing brief in Court of Appeals on behalf of infant, appear for infant so as to make plaintiff who prevailed in court below appellee entitled, under Civil Code of Practice, section 741, to file record with Court of Appeals.

5. Infants—Court had no Jurisdiction to Appoint Guardian Ad Litem for Nonresident Infant, Proceeded Against by Warning Order, where Affidavit for Appointment was Also Defective (Civil Code of Practice, Section 52, Subsection 2).—In suit against infant who was nonresident, court had no jurisdiction to appoint guardian ad litem where affidavit for appointment was not made by plaintiff and no facts were stated therein authorizing attorney to make it, as required by Civil Code of Practice, section 52, subsec. 2, and infant was proceeded against by warning order.

6. Appeal and Error—Record Filed by Prevailing Party did Not Present Appeal, Though Nonappealing Defendant had Appeared by Demurrer (Civil Code of Practice, Section 741).—Where record was filed by prevailing party who was not appellee, as required by Civil Code of Practice, section 741, that attorney had appeared for nonresident infant defendant by filing demurrer did not cure

defect in appeal where neither attorney nor infant defendant asked for or procured appeal.

J. C. CANTRELL for appellant.

J. J. MOORE for appellee.

J. P. CUSICK, warning order attorney.

OPINION OF THE COURT BY JUDGE THOMAS—Striking the transcript from the docket.

On November 23, 1923, R. T. Gentry attempted to convey to his wife, the appellee and plaintiff below, Florence Gentry, a dwelling house and lot in Pikeville, Kentucky, in which he and his family, consisting of himself, plaintiff and an infant daughter, the appellant and defendant below, Virginia Gentry, resided. He afterwards died intestate, and subsequent thereto plaintiff and defendant moved to the state of Indiana, where they resided at the time this equity action was filed by plaintiff against defendant in the Pike circuit court. The petition alleged that it was claimed by defendant, who was the lineal heir of her deceased father, that the deed by the latter to plaintiff, because of its defective execution (as pointed out in the petition, but which it is unnecessary to state here) was wholly invalid and did not operate to divest the vendor of title, and that he died the owner of the house and lot which defendant inherited, subject to the rights of plaintiff as widow, and because thereof a cloud was cast upon plaintiff's title, which she sought to remove. The petition was not verified either by plaintiff or her attorney, and there was no separate affidavit to obtain a warning order for defendant. Notwithstanding those defects the clerk made a warning order for her and appointed a member of the local bar as corresponding or warning order attorney.

The petition was filed on October 29, 1925, and on November 23 thereafter plaintiff's attorney filed his affidavit for the appointment of a guardian *ad litem* for defendant, but it did not conform to subsection 2 of section 52 of the Civil Code of Practice, in that it was not made *by plaintiff* and no facts are stated therein authorizing the *attorney* to make it, and which was held to be fatally defective in the recent case of Kitchens v. Edwards, 207 Ky. 664. Notwithstanding such failure the court appointed a guardian *ad litem* for the infant defendant, and he filed answer and counterclaim for her in which he

denied plaintiff's alleged grounds for relief and attacked
the validity of the deed on the ground that her father at
the time he executed it was so intoxicated that he was
bereft of reason and did not know what he was doing and
that plaintiff took advantage of his condition and unlaw-
fully influenced him to do so.   That paragraph of the
answer was denied and the cause was submitted on the
pleadings, followed by a judgment declaring the deed
valid and quieting plaintiff's title and also dismissing the
counterclaim presented by the guardian *ad litem.* The
latter objected to the judgment, but he did not pray an
appeal to this court.   However, plaintiff's attorney pro-
cured a transcript of the record and filed it in this court
pursuant, as he claims, to the provisions of section 741 of
the Civil Code of Practice, and asks this court to affirm
the judgment on its merits.  At the time of filing the tran-
script in this court the attorney for plaintiff made affi-
davits for the appointment of a warning order attorney
and a guardian *ad litem* for appellant in this court, but
it possessed the same defects as did his affidavit in the
trial court.   From what has been said it is manifest that
if we had jurisdiction of the infant appellant and defend-
ant we would be compelled to reverse the judgment be-
cause of the defective practice pointed out, regardless of
the merits of the case; but for reasons hereinafter stated
we have no jurisdiction of the appellant on the appeal.

It is well settled that the successful litigant can not
appeal from a judgment giving him all the relief he asks.
A late domestic case so holding is that of Light v. Miller,
187 Ky. 57.   Unless, therefore, plaintiff had the right to
file the record in this court pursuant to the provisions of
section 741 *supra,* of the Civil Code of Practice, there is
no appeal here for our consideration.   The precise point
presented in this case (with the single exception to be
hereafter considered) was presented in the case of Rud-
dle v. Summers, 22 K. L. R. 488.   In that case the plain-
tiff proceeded against defendants as nonresidents for the
purpose of having her title quieted.   She obtained judg-
ment and afterwards filed a transcript in this court
under the claimed right conferred by section 741 *supra.*
But it was stricken from the docket for the reason, as
stated in the opinion, that: "We think such a practice is
not authorized by the Code.   The section relied on pre-
supposes an appeal, and this can only be prayed or taken

by an appellant. One can not take an appeal from his adversary. This affirmative relief which a party who has been defeated in the court below may or may not desire; and he must be permitted to decide for himself whether he will seek redress for any supposed wrong." However, in the opinion it was also said, that: "When, however, an appeal has been prayed or taken the adversary of the appellant may, to hasten the trial of the appeal, file a copy of the record with the same effect as if filed by the appellant."

We repeat that we can discover no difference, in principle, between that case and this one, except the nonresident defendants therein were not represented by supposed guardian *ad litem* or otherwise. That fact, however, can make no difference, since the opinion was not bottomed upon that fact but upon the one that the losing litigant in the trial court had neither prayed nor attempted to take an appeal from the judgment against him, and that section 741 did not confer upon the winning litigant in that court the right to determine whether or not his adversary should appeal from the judgment.

The single difference between that case and this one is, that the appointed guardian *ad litem* has filed brief in this court on behalf of appellant, and it might be insisted that by doing so he concurred in the appeal and, to the extent of his power, entered her appearance and thereby placed it in the same category as one directly prosecuted by him for her. Conceding, for the purposes of the argument, that he if properly appointed might have prayed and prosecuted an appeal from the judgment so as to give this court jurisdiction of it, then the fact remains that the court below did not have jurisdiction to appoint a guardian *ad litem, even if the proper affidavit had been made*. In the case of Massingale v. Parker, 191 Ky. 515, we held that the authority of the court to appoint a guardian *ad litem* for an infant defendant was restricted to infants who had been summoned *in this state* and did not apply to *nonresident* infants who were proceeded against by warning order. The prior case of Powell v. Baer, 143 Ky. 282, and the subsequent one of Bethel College v. Gladdish, 204 Ky. 10, are to the same effect. That being true, the alleged guardian *ad litem* was without authority to officiate as such, and the rights of the infant nonresident are in no wise affected by any-

thing that he did or omitted to do, since his appointment by the court was without authority and conferred upon him no powers as a guardian *ad litem*.

We have not overlooked the fact that there appears in the record a demurrer filed to the petition, which is subscribed by a member of the Pikeville bar as attorney for defendant, but that fact, even. if we should concede that such attorney was duly employed and that the infant could so employ him, does not alter the status of this appeal, since neither that attorney nor the infant defendant asked for or procured the appeal.

For the reasons stated the transcript is stricken from the record of the court.