## Molloy, et al. v. Barkley, et al.

(Decided May 6, 1927.)

### Appeal from Mason Circuit Court.

1. Appeal and Error.—It is not necessary that party shall be entirely defeated to entitle him to appeal, but, if he is aggrieved by only part of decree, he can by appeal call in question only the part injuriously affecting him.
2. Deeds.—Deed to plaintiffs "and to the survivor in fee simple" held properly construed to convey title jointly during plaintiffs' natural lives with fee to survivor.
3. Deeds.—First rule in construing deed is to ascertain intention of person executing it as gathered from its entire language, and to administer that intention.

WORTHINGTON, BROWNING & REED for appellants.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action was filed in the Mason circuit court by appellants and plaintiffs below, Laura Stockton Molloy and her sister, Jeanette Elliot Robinson Molloy, against the appellees and defendants below, Bettie Barkley and her husband, F. O. Barkley, seeking a construction of a deed executed by John M. Hunt and wife on October 6,

1915, conveying to the parties therein designated, with certain conditions and limitations the validity of which is the subject of the litigation, a house and lot in Maysville, Ky. The language of the deed, producing the controversial questions involved, is:

"Witnesseth that, for and in consideration of the sum of $6,058.15 cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part do hereby sell and convey unto the said Laura Stockton Molloy and Jeanette Elliot Robinson Molloy, of the second part, and to the survivor in fee simple, their heirs, and assigns, subject to conditions hereinafter set forth, the following described real property, towit: (Here follows description.)

"This conveyance is made upon and subject to the following conditions, viz.: In the event of the death of either of the said Laura Stockton Molloy or Jeanette Elliott Robinson Molloy, the grantees herein, the property hereby conveyed shall become the property of the survivor; and in the event of the death of both grantees prior to the death of the grantee E. A. Robinson, then the property hereby conveyed shall revert to and vest absolutely in fee simple in the said E. A. Robinson; and in the event of the death of the said E. A. Robinson before the death of the said Laura Stockton Molloy and Jeanette Elliot Robinson Molloy, or either of them, then the title to said property shall vest absolutely in fee simple in the said Laura Stockton Molloy and the said Jeanette Elliot Robinson Molloy or the survivor; but, should the said E. A. Robinson die first and prior to the death of said grantees, Laura Stockton Molloy and Jeanette Elliot Robinson Molloy, or either of them, and said infant grantees die without issue surviving them, then said property shall revert to and the title to same vest in the heirs at law of said E. A. Robinson, to have and to hold said property unto the parties of the second part and to the survivor, in fee simple, their heirs and assigns, forever, subject, however, to the privileges and conditions above set forth," etc.

The E. A. Robinson therein mentioned as a party of the second part was the grandfather of plaintiffs, whose

mother was dead, and also the father of defendant Bettie Barkley, and it was alleged in the petition that the two grandchildren and the daughter were the only living descendants of E. A. Robinson, who died in 1919. Mrs. Barkley and her husband were duly summoned, but they made no defense, took no exception to the judgment, and did not pray or obtain an appeal therefrom. On final submission the court adjudged "that plaintiffs Laura Stockton Molloy and Jeanette Elliot Robinson Molloy are the joint and equal owners for the life of both of the property in controversy, with remainder in fee to the survivor of them," and that Mrs. Barkley took no interest whatever under the Hunt deed. From that judgment, plaintiffs prosecute this appeal, but Mrs. Barkley does not seek a review of the judgment against her by cross-appeal or otherwise.

An earnest brief is filed on behalf of appellants in support of the court's finding that the attempted impositions in the language of the deed upon the apparent absolute title conveyed to plaintiffs by its granting clause were void because repugnant to the absolute estate therein conveyed, notwithstanding the words, "Subject to the conditions hereinafter set forth," are contained therein. But, under the condition of the record and the appeal, as brought to this court, we do not find those questions legally presented for our determination. The judgment appealed from decided all such questions in favor of appellants and under those circumstances an appeal by them from that portion of the judgment is not allowable. See 2 R. C. L. 56, par. 36; 3 C. J. 636; Light v. Miller, 187 Ky. 57, 218 S. W. 307; and Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665. Other cases will be found in the opinions of the last two cited ones and a general discussion of the subject is found in Mr. Freeman's annotations to the case of In re Switzer, a Missouri case reported in 119 Am. St. Rep, 731, the discussion of the point under consideration beginning on page 748. In the discussion of the question he refers to the cases of McIntyre v. German Savings Bank, 59 Hun. 536, 13 N. Y. S. 674, Cuyler v. Moreland, 6 Paige (N. Y.) 273, and Idley v. Bowen, 11 Wend (N. Y.) 227, as sustaining this statement:

"And it is not necessary that a party shall be entirely defeated, in order to entitle him to appeal, but, if he is aggrieved by only a part of a decree, he can

by appeal call in question only that part thereof which injuriously affects him.''

Here, the court by its judgment expressly held that Mrs. Barkley took under the Hunt deed no interest whatever, and that the conditions found therein under which she was attempted to be vested with a contingent remainder interest in the property conveyed was void, and that plaintiffs took thereunder the fee-simple title to the house and lot. The only part of the judgment as to them that they seek to correct by this appeal is that portion of it construing their title to be joint for and during their natural lives *with the fee to the survivor*. It is, to say the least of it, doubtful whether the appeal presents *that* question for our determination, since it arises only between the two appellants who occupy a friendly position in this appeal and not an antagonistic one; in other words, they do not occupy adverse positions in the record here. But, inasmuch as they are both adults and asking our construction of the language of the deed as to the right of survivorship, we have concluded to determine that question.

It will be observed that in the granting clause under which plaintiffs claim the absolute title, and because of which the court in its judgment so construed the deed, there is this language:

"(Parties) of the second part and to the survivor in fee simple."

There could be no clearer statement of the intention and purpose of the grantor than is expressed in that language, and, if we should discard all subsequent modifying and qualifying language contained in the deed and which follows the description of the property conveyed, we are convinced that no other interpretation could be given than that it was not only the intention and purpose of the vendor to provide for survivorship between plaintiffs as grantees therein, but that he did so by the employment of most unmistakable and unambiguous words. If, however, we turn to the conditions following the description, we see that the grantor provided that—

"This conveyance is made upon and subject to the following conditions, viz.: In the event of the death of either of the said Laura Stockton Molloy

or Jeanette Elliot Robinson Molloy, the grantees herein, the property hereby conveyed shall become the property of the survivor.''

And further along in the deed, wherein under certain named conditions it was provided for a contingent reverter of the title to the heirs of E. A. Robinson, it was stated substantially that no such reverter should arise until the death of the survivor without leaving issue surviving her; and, finally, it was said in the habendum clause that the title to plaintiffs, whatever it might be adjudged and determined, was subject to the "conditions above set forth."

The first rule in construing deeds, wills, and other written instruments is to ascertain the intention of the one or ones executing the paper as gathered from its entire language from beginning to end, and to administer that intention. Surely it cannot be contended that the grantor in the Hunt deed did not intend to create the right of survivorship between plaintiffs, since the purpose to do so is repeated in the deed and is emphasized throughout its contents, and our conclusion is that the court did not err in so adjudging.

What we have thus far said applies only to the question of survivorship and is not intended to affect any interest of Mrs. Barkley, contingent or otherwise, arising out of the deed, since the judgment from which she has neither appealed nor prosecuted a cross-appeal determines all those questions against her.

Wherefore, the judgment, so far as it adjudges the right of survivorship, is affirmed.