## Maddox v. Giltner et al.

(Decided November 30, 1928.)

### Appeal from Henry Circuit Court.

Appeal and Error.—Where judgment in action under Civil Code of
Practice, secs. 639a-10 to 639a-12, authorizinz declaratory judgment,
granted to plaintiff all the relief requested, plaintiff was not en-
titled to prosecute appeal therefrom, she not being a "party ag-
grieved," within section 639a-5, meaning person deprived of some
pecuniary or individual corporeal right.

TURNER, TURNER & BATES for appellant.

MOODY & BERRY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismiss-
ing appeal.

This action was brought in the Henry circuit court
by appellant and plaintiff below, Margaret M. Maddox,
surviving widow of E. C. Maddox, against appellees and
defendants below, R. C. Giltner et al., trustees of the
Eminence Christian Church of Eminence, Kentucky, and
Christian Church Widows' and Orphans' Home of Ken-
tucky, to obtain the correct construction of the last will
and testament of E. C. Maddox, which holographic will
was written and executed on January 14, 1905. The
action was brought under the provisions of chapter 4a of
the 1927 edition of Carroll's Kentucky Codes, commonly
known as the "Declaratory Judgment Act," and being
sections 639a-1 to section 639a-12 of the Civil Code. De-
fendants filed a general demurrer to the petition, but
later withdrew it and the cause was submitted alone on
the petition and exhibits, followed by a judicial construc-
tion of the will and adjudging plaintiff to be the absolute
owner of the property of the testator covered by it. From
that judgment, plaintiff has attempted to appeal by filing
in this court a complete transcript of the record.

In her petition plaintiff alleged that under the terms
of her husband's will she became, under the facts as they
existed at the time of the filing of the action, the absolute
owner of all the property attempted to be devised by it,
and she prayed that it be so adjudged. The court ren-
dered judgment giving her all the relief she asked, and

the first question for determination is: Whether a litigant, who succeeds in the trial court and obtains all the relief he seeks therein, may appeal from the judgment in his favor?

The question has heretofore been presented to us in a number of cases, some of which are Light v. Miller, 187 Ky. 57, 218 S. W. 307; Sparks v. Sparks, 190 Ky. 427, 227 S. W. 571; Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665, and Malloy v. Barkley, 219 Ky. 671, 294 S. W. 168, and in each of them it was answered in the negative. Other authorities are referred to in those opinions as sustaining the conclusion therein reached, among which are 2 R. C. L. 56, par. 36, and 3 C. J. 629, sec. 491, and page 635, sec. 495. See, also, Freeman's annotations to the case of In re Switzer, 201 Mo. 66, 98 S. W. 461, reported in 119 Am. St. Rep. 731, annotations on page 748. The rule of practice so announced in the cases, and by the authorities referred to, is in perfect harmony with the only object and purpose in allowing appeals, which is always a matter of grace. When a litigant succeeds in obtaining all he asks in the trial court having jurisdiction of the cause, he no longer has a grievance to be corrected by an appeal to a reviewing court, whose chief duties are to correct abuses in the trial court, whereby the rights of a litigant were prejudiced and he was thereby deprived of his just dues under the law. When he has no such grievance, he is not entitled by appeal to have the appellate court approve the judgment in his favor.

Of course, the rule does not apply where the appellant only partially succeeds in his contentions below, since in that case he may appeal, if other conditions permit it, to obtain a correction of the errors of which he complains and by which he failed to obtain all the relief he asked. But here, we repeat, the judgment appealed from gave appellant everything she asked, and, under the rule adopted in the cases, supra, and announced by the text-writers referred to, she is not entitled to prosecute this appeal; and the fact that the proceeding was under the Declaratory Judgment Act does not alter the rule, since the Malloy case was one practiced under the same statute, and we dismissed the appeal upon the ground that appellant therein obtained all the relief she sought in the trial court and had no right to prosecute it.

Section 5 of the statute creating the remedy adopted herein, and being section 639a-5 of the Civil Code of Practice, in extending the right of appeal, says:

"Any party aggrieved by a declaratory judgment order or decree, rendered in the circuit court, may within sixty days after such judgment, order or decree has become final, . . . take and perfect an appeal to the Court of Appeals in the manner now provided by law for appeals."

No court, so far as we are aware, has ever construed such language as giving the right of appeal to one who entirely succeeded in the trial court. On the contrary, in order to be "aggrieved," so as to confer the right of appeal, the one seeking it must have been deprived by the judgment of some pecuniary or individual corporeal right, and, unless so done, he has not been *aggrieved* within the meaning of such statutes. 2 R. C. L. 52, sec. 34.

The conclusion reached dispenses with the necessity of considering, or in any wise determining, the merits of the case; but, for the reasons stated, the appeal is dismissed.