## Morrison v. Bartlett et al.

Dec. 18, 1942.

Jesse K. Lewis for appellant.

Thomas D. Theobald, Jr., and H. R. Wilhoit for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Dismissing appeal.

In March, 1935 appellant, Frank Morrison, filed this action pursuant to Section 499 of the Civil Code of Practice for the division of land and allotment of dower. It

was alleged that he was the owner of a one-seventh undivided interest in a tract of forty acres; that Mary Bartlett, as widow of Joe Bartlett who died owning the land, was entitled to dower; that the other named defendants were owners of the remaining six-sevenths interest. It was alleged that the one-seventh interest owned by appellant was acquired by deed from Ruth Terry, one of the heirs at law of Joe Bartlett.

A demurrer was sustained to the petition and the petition dismissed. Appeal was taken to this court and the judgment was reversed in Morrison v. Barlett, 263 Ky. 767, 93 S. W. (2d) 843. On that appeal it was merely decided that the petition stated a cause of action.

Upon the return of the case to the circuit court Ruth Terry filed an intervening petition by which she claimed the one-seventh interest, of which the appellant had alleged he was the owner, upon the ground that the deed relied on by appellant was a forgery. By the intervening petition a cancellation of the deed was sought.

During the pendency of the action appellee, J. Watt Stovall, purchased the interests of four of the heirs. He filed an intervening petition setting up his interest, alleging that the land could not be divided without materially impairing its value and praying for a sale for division of the proceeds pursuant to Section 490 of the Civil Code of Practice.

Appellant Morrison filed an answer to the intervening petition of Stovall, denying that the land was indivisible and alleging affirmatively that a small portion thereof, consisting of three acres which was cut off from the remainder of the tract by a state highway, could be set apart to him without affecting or impairing the value of the remainder of the land.

On July 1, 1940, evidence was heard orally on the issue thus formed as to divisibility and at the conclusion of this hearing an order was entered adjudging that the property could not be divided without materially impairing its value, but no sale was ordered. The cause was continued because of the pendency of other legal questions.

On the eleventh day of the October term judgment of sale was entered. In this judgment it was recited that the court had theretofore, on July 1, 1940, entered an

order adjudging that the property was indivisible and that this order had become final. No appeal was granted by the judgment. The property was sold pursuant to this judgment and the appellee, Mary Bartlett, became the purchaser. Report of sale was filed and confirmed at the February term, 1941. No exceptions were filed to the report. The judgment directing a sale is shown at pages 23 to 25 of the record.

On a regular rule day, April 7, 1941, a judgment was entered adjudging that appellant, Frank Morrison, had legal title to the one-seventh interest claimed by him and the intervening petition of Ruth Terry was dismissed. At the end of this judgment the following paragraph appears:

"The court having heretofore ordered that the property herein involved could not be divided without materially impairing its value and the plaintiff having objected and excepted thereto and the said plaintiff having prayed an appeal to the court of appeals, same is hereby granted and he is given until the 5th day of the next civil term of this court to file his Bill of Exceptions, herein."

At the next term of court, on April 18, 1941, the appellant tendered and offered to file a bill of exceptions, including the official stenographer's transcript of evidence, and the bill was examined and approved and ordered to be filed although the court expressed the opinion that it was not tendered in time.

On this appeal the appellant, pursuant to Section 739 of the Civil Code of Practice, filed a statement of appeal in which it is recited that the judgment appealed from was rendered on April 7, 1941, and appears on pages 33 and 34 of the record. The judgment appearing on these pages of the record, and being the one from which the appeal is taken, is the judgment above mentioned adjudging that appellant had title to the one-seventh interest claimed by him and dismissing the intervening petition of Ruth Terry although that judgment was one completely favorable to appellant on the issue between him and Ruth Terry. It may be added that Ruth Terry is also made an appellee on this appeal.

Notwithstanding that the judgment designated in the statement of appeal as being the judgment appealed from adjudged nothing whatever as to the divisibility

or indivisibility of the land but was one merely dismissing the intervening petition of Ruth Terry, the case is briefed for appellant solely upon the theory that the judgment directing a sale on the ground of indivisibility is erroneous. In short, while appellant appeals from a certain designated judgment he argues that another judgment or order is erroneous and seeks a reversal of the latter judgment. This, of course, he may not do. Pezzarossi v. Collins, 228 Ky. 51, 14 S. W. (2d) 165. Appellees have filed a motion to dismiss the appeal which must be sustained. The appeal is taken from a judgment which is in all respects favorable to appellant, which cannot be done. Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665; Light v. Miller, 187 Ky. 57, 218 S. W. 307. The mere fact that the last paragraph of the judgment appealed from (quoted above) recited that the court had theretofore adjudged that the property could not be divided without materially impairing its value did not incorporate the former judgment into the latter so as to authorize appellant on appeal from the latter judgment to question the correctness of the former judgment.

It is apparent that appellant's action in designating the last judgment as the one appealed from was taken in order to make it appear that the bill of exceptions was filed in time—that is really the main question between the parties. We are not authorized to consider that question on this appeal, however, since the dismissal of the appeal precludes a decision on any other question.

Since the appeal is taken from a judgment in all respects favorable to appellant the appeal must be and is dismissed.