Dora G. MASON, Appellant,

v.

Marilyn Mason FORREST, Executor of Rob Mason, Deceased, Appellee.

Court of Appeals of Kentucky.

April 24, 1959.

Rehearing Denied March 25, 1960.

Milburn C. Keith, Hopkinsville, Nat Ryan Hughes, Murray, for appellant.

Wells Overbey, Murray, for appellee.

CULLEN, Commissioner.

Dora G. Mason appeals from a judgment which granted her a divorce from her husband, Dr. Rob Mason, awarded her $3,000 as lump sum alimony and required the husband to pay one-half of the court costs and one-fourth of the wife's attorney's fee (which fee was fixed at $1,000). Dora's grounds of error are that the award of alimony is insufficient and that the hus-

band should have been required to pay all of the court costs and all of her attorney's fee. Dr. Mason died pending the appeal and his executrix has been substituted as appellee.

■ We are faced at the outset with the question of whether the appeal must be dismissed because, before the appeal was taken, Mrs. Mason's trial attorney accepted payment of the amounts required by the judgment to be paid by her husband, and noted satisfaction of the judgment upon the docket.

Mrs. Mason was represented upon the trial of the action by an attorney of Murray, Kentucky. Immediately after the judgment was entered, which was on April 19, 1957, he discussed with her a proposed method of disposition of the money due under the judgment, to which she consented, and a few days later he sent her a letter outlining this proposed method to which she did not respond. On April 24 or 25 Dr. Mason's attorney delivered to Mrs. Mason's trial attorney checks to cover the amounts due from Dr. Mason under the judgment. On May 1, Mrs. Mason's trial attorney endorsed on the margin of the judgment, in the clerk's office, a receipt acknowledging payment of the alimony and one-fourth of his fee, "pursuant to judgment." He also paid to the clerk the one-half of the court costs required by the judgment to be paid by Mrs. Mason. He then sent his personal check to Mrs. Mason for the balance that remained of the alimony payment after deducting the amount paid for court costs and the amount of his fee that was owed by Mrs. Mason.

In the meantime, on or about April 26, Mrs. Mason had employed two new attorneys, who prepared for her a motion and grounds for a new trial. Copy of the motion and grounds was received by the attorney for Dr. Mason on April 27, but no copy was sent to Mrs. Mason's trial attorney, and he was never informed by Mrs. Mason or by the new attorneys that he had been discharged or his authority to represent Mrs. Mason had been terminated. At the time he endorsed satisfaction of the judgment in the clerk's office, he had not been informed of the motion for a new trial, or that Mrs. Mason had employed new attorneys.

While the motion for a new trial was pending, Mrs. Mason's new attorneys filed a motion to strike the satisfaction of the judgment, and tendered restitution of the money that had been paid by Dr. Mason under the judgment. This motion, and the motion for a new trial, were both overruled.

Since Mrs. Mason's trial attorney had not been discharged, and had not received any notice of her employment of new attorneys, at the time he accepted the payment from Dr. Mason and entered satisfaction of the judgment on the court records, and since his actions in so doing were in strict accordance with what he had advised Mrs. Mason, both orally and by letter, that he would do, we must conclude that his actions were with full authority of Mrs. Mason and therefore were binding upon her.

■ The situation then is, that Mrs. Mason is attempting to appeal from a judgment after having voluntarily accepted the benefits of the judgment and having entered a formal satisfaction of the judgment on the court record. The rule in this jurisdiction, and the general rule in other jurisdictions, is that an appeal cannot be prosecuted under such circumstances. Complete Auto Transit, Inc. v. Louisville & Nashville R. Co., Ky., 273 S.W.2d 385; 2 Am.Jur., Appeal and Error, secs. 214, 216, 219, pp. 975, 976, 977, 979, 981; Annotation, 169 A.L.R. 985. The rule applies in divorce cases. 2 Am.Jur., Appeal and Error, sec. 219, p. 981; Annotation, 169 A.L.R. 985, at page 999. There is also a rule that acceptance of the payment of costs awarded to a party by a judgment operates to bar his right to appeal from the judgment. Annotation, 169 A.L.R. 985, at page 1047.

Mrs. Mason's tender of restitution of the money accepted by her in satisfaction of the judgment did not have the effect of restoring her right to appeal. Paine v. Woolley, 80 Ky. 568, 4 Ky.Law Rep. 489; 2 Am.Jur., Appeal and Error, sec. 216, p. 979.

 The appellee has not made a formal motion to dismiss the appeal. However, this Court has held that where a party attempting to appeal has procured all the relief he sought in the action, the appeal may be dismissed on the Court's own motion. Light v. Miller, 187 Ky. 57, 218 S.W. 307. We think the situation here is analogous, and warrants dismissal of the action on the Court's own motion.

The appeal is dismissed.